UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINKA THOMAS, | ) |
| Plaintiff | ) Case No.: |
| v. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| PACIFIC UNION FINANCIAL, LLC, | ) |
| Defendant | ) |

## COMPLAINT

LINKA THOMAS ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PACIFIC UNION FINANCIAL, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national company with its principal place of business located at 8900 Freeport Parkway, Suite 150, Irving, Texas 75063.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or before August 2016, and continuing through September 2017, Defendant called Plaintiff on her cellular telephone.

13. Defendant called Plaintiff from multiple telephone numbers including, but not limited to, 800-809-0421. The undersigned has confirmed this number is used by Defendant.

14. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Plaintiff knew that calls were automated as they would start with either a recorded voice before a live representative came on the line or a noticeable silence or delay with no one on the line before the call would be transferred to a live representative.

16. Defendant's calls were not made for "emergency purposes" but to collect money from Plaintiff.

17. Frustrated with the Defendant's repeated calls, Plaintiff told Defendant to stop calling her in or around August 2016.

18. However, Defendant ignored her request to stop calling and continued to call.

19. Plaintiff told Defendant to stop calling on additional occasions between August 2016 and September 2017, but each time Defendant ignored her requests and continued to call.

20. Once Plaintiff told Defendant to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

21. However, Defendant continued to call Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded voice.

22. Plaintiff found Defendant's repeated calls stressful, aggravating, frustrating, annoying, invasive, and harassing and was upset by them.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated multiple automated and/or pre-recorded telephone calls to Plaintiff's cellular telephone.

25. Defendant's calls were not for emergency purposes.

26. Defendant calls to Plaintiff after she revoked consent, if any ever existed, were made intentionally and/or knowingly without prior express consent to call.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of the greater of statutory, actual or trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, LINKA THOMAS, respectfully pray for a judgment as follows:

    a. The great of all actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A); OR

    b. Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500.00 per telephone call pursuant to 47 U.S.C. §227(b)(3); and

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LINKA THOMAS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: December 8, 2017       KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888 ext. 167
Fax: 887-788-2864
Email:  teamkimmel@creditlaw.com